```
                    UNITED STATES DISTRICT COURT          FILED IN CLERK'S OFFICE
                    NORTHERN DISTRICT OF GEORGIA                U.S.D.C. - Atlanta
                         ATLANTA DIVISION
                                                                  JUL 16 2014

                                                              JAMES N. HATTEN, Clerk
BATASKI BAILEY, pro se            )                           By: _____ Deputy Clerk
                                  )   CASE NO: 1:14-CV-0989-CC
                Plaintiff,        )
                                  )
V.                                )
                                  )
WELLS FARGO BANK N.A.,            )
WELLS FARGO BANK N.A. d/b/a       )
WELLS FARGO DEALER SERVICES,      )
f/k/a WACHOVIA DEALER SERVICES,   )
                                  )
                Defendant's.      )
```

## PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS

COMES NOW Plaintiff Bataski Bailey and files this his response to Defendant's Motion to Dismiss and prays upon this Court to DENY the Defendant's Motion to Dismiss.

2.

In their Motion to Dismiss the Defendant's argue ALL allegations and alleged actions were covered by an arbitration clause/agreement. The Plaintiff argues the contrary and will show some if not all actions were in fact not covered by a arbitration clause/agreement.

3.

The Defendant's also argue this action is barred by res judicata and collateral estoppel. This argument also fails as the claims alleged not only have not been litigated

1

to an adjudication but also did not occur until after a action was filed and voluntarily dismissed so the plaintiff could refile and include those ongoing actions.

4.

The plaintiff can and will show through the discovery process and further litigation of this matter, the actions of the defendant's regarding Wells Fargo account ending in 1457 occurred after the banking relationship ended and thereby the plaintiff and defendant's no longer had a mutual agreement with regards to any disputes arising from the actions of either party. Also the plaintiff can and will show through the discovery process and further litigation of this matter, that the actions perpetrated by the defendant's included intentional acts of fraud, collusion, and conspiracy that would be against public policy and void any arbitration clause/agreement. The defendant's had no reasonable expectation the acts alleged would be covered by the purported arbitration agreement.

5.

The plaintiff can and will show through the discovery process and further litigation of this matter, that some if not all actions of the defendant's regarding Wells Fargo Dealer Services account 7690073039 either occurred after any purported arbitration agreement had expired and/or after the contract in question ended.

6.

Lastly, the plaintiff argues the arbitration agreements in question are against public policy and unconscionable as it restricts the rights of a consumer to seek judicial

redress for fraud and other statutory violations after a relationship has ended between the parties for actions that occur after the relationship ended (see Defendant's Exhibit 4 pg. 8) by stating "If you have a dispute with the Bank, and you are not able to resolve the dispute informally, you and the Bank agree that any dispute between or among you and the Bank, **regardless of when it arose**, shall be resolved by the following arbitration process.".

## ARGUMENT AND CITATION OF AUTHORITY

7.

The framers of the Federal Arbitration Act did not intend to preclude a litigant from pursuing all appropriate claims for damages, that occurred after a contract with a purported arbitration agreement ended. The mere ending of an agreement that includes an arbitration agreement, shows one or more parties within the agreement no longer agree to the terms included therein. The Defendant's don't dispute the account ending in 1457 (see Defendant's Exhibit 4) was closed. Therefore without an agreement between the parties there can be no meeting of the minds as required to validate an arbitration clause in a contract. Also the acts alleged in the plaintiff's complaint occurred after this relationship ended and therefore there was no reasonable expectation these acts would be covered by any arbitration agreement.

8.

On or about May, 2011 the plaintiff closed his account with Wells Fargo Bank

ending his agreement. In Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395 (1967), the Court found that, as a matter of federal law, arbitration provisions are "separable" from the contract as a whole. *Ibid at 402*. Under general contract principles, a meeting of the minds is a prerequisite for contract formation. See Ex parte Industrial Technology, Inc., 707 So. 2D 234 (Ala. 1997); Auburn Engineers, Inc. v. Downtown Properties, #1, 675 So. 2d 415 (Ala. 1996); Elan Pharmacy, Inc. v. Brinson, (Ala.Civ.App. 1997). Therefore, a meeting of the minds regarding arbitration should be required. The plaintiff ended the relationship thereby ending any purported "meeting of the minds".

9.

Furthermore the plaintiffs allege on or about July, 2011 Joy Barwick of Wells Fargo Dealer Services Corporate Division contacted a Wells Fargo Banking division manager and requested the plaintiff's account be altered to show monies owed and said monies be reported to ChexSystems as a delinquency. This fraudulent action occurred after any relationship with Wells Fargo Banking Division ended and therefore not subjected to any prior purported arbitration agreement. As noted in the Amended Complaint for Damages filed, this action is alleged to have occurred not only after the parties had ended their relationship but also as a separate and independent act not linked to the activities of the banking relationship the purported arbitration clause addressed. In *Brown v. ITT Consumer Financial Corp., 211 F.3d 1217, 211 F.3d 1217 (11th Cir. 05/05/2000)* the Court stated "It is well established that arbitration is a creature of

contract" and neither party can be compelled to arbitrate when he has not agreed to do so. Scott, 141 F.3d at 1011 (*citing AT&T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986)). Thusly, if a party commits an act after a "contract" has been terminated, one can't reasonably think an arbitration clause would cover such an act, especially when those acts are NOT within the normal business practices of the initially agreed upon contract.

10.

As outlined in the Plaintiff's Complaint for Damages as well as in his Amended Complaint for Damages, the plaintiff could not have fathomed such a dispute would arise not only after a contract, agreement, or relationship had ended but also due to the blatantly malicious intent to harm him in a manner contrary to standard business practices. "[A] court may order arbitration of a particular dispute *only* where the court is satisfied that the parties agreed to arbitrate *that* dispute." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847, 2856 (2010) (emphasis in original). *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1214 (11th Cir. 2011) ("[P]arties will not be required to arbitrate when they have not agreed to do so." (internal quotation marks omitted)).

11.

As of today (the date this document was drafted and filed) the information shown on the plaintiff's credit reports from all major bureaus with regards to the Wells Fargo

Dealer Services account number 7690073039 is inaccurate based on the information Wells Fargo Dealer Services itself has provided. At several points the plaintiff disputed the contract and thereby revoking any "meeting of the minds" needed to confirm/enforce any purported arbitration clause. Even if any prior disputes were covered by a purported arbitration agreement, there is currently no contract or agreement between Wells Fargo Dealer Services and the plaintiff yet these inaccuracies continue to be reported and confirmed after dispute month after month. One can't reasonably infer there is a "meeting of the minds" needed to enforce any purported arbitration agreement.

12.

The 11th circuit in *Montgomery Mailers' Union No. 127 v. Advertiser Co., 827 F.2d 709 (11th Cir. 09/15/1987)*, set the standard for determining whether to compel arbitration by "ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract." The defendant's arguments for dismissal fail this test in this case because the acts in question occurred AFTER any contract between the two parties was terminated as well as because the plaintiff alleges action that did not occur within the normal scope of the contract, or the relationship therein. Under the defendant's logic a plaintiff would be bound by a contract even after it is terminated even if the allegations occurred AFTER the contract was terminated in perpetuity. This goes against the fundamental principles of contracts and a party's ability to end the contract if they no longer agree to the terms contained therein. The actions

alleged occurred AFTER any contract ended and again there was no meeting of the minds or consent to arbitrate any claims that occurred AFTER the purported contract ended. The defendant's themselves do not dispute there was no contract in place at the time of the alleged actions. In *Litton Fin. Printing Div. v. NLRB - 501 U.S. 190 (1991)* the Supreme Court stated "the duty to arbitrate does not automatically expire upon the termination of the agreement and that broadly worded arbitration clauses contain a presumption of arbitrability **if** the dispute arose **under** the agreement." The allegations contained within this dispute did not arise under any purported agreement as the defendant's themselves acknowledged.

13.

Also, the purported arbitration agreement in account ending in 1457 is against public policy as it attempts to restrict the right for redress on issues after a contract has been terminated between the parties. The purpose of a contract is to set terms and bounds by which both parties are to act. When a contract is terminated and either party acts in a manner that damages the other, the damaged party can not be held to a contract that was terminated prior to the damaging actions. Again, this defies the logic of contracts and would allow companies to legally attach themselves to every consumer they've ever done business with in perpetuity. This would also allow for a contract to dictate terms for redress of grievances even after a contract has been terminated for actions that occur after the contract was terminated. This would forever bound the parties and would in essence allow no exit for parties no longer agreeing to the terms of

a contract.

14.

Lastly, if this Court deems ANY of the claims alleged in the plaintiff's initial complaint for damages, as well as his amended complaint for damages not covered under a purported arbitration agreement, then this Court should move to DENY this defendant's motion to dismiss as pursuant to 28 U.S.C. § 1367 this Court has jurisdiction over ALL claims if it has jurisdiction over ANY claim alleged. The defendant's make mention of the plaintiff's failure to dispute the Wells Fargo Dealer Services account's purported arbitration agreement as a consent to arbitrate that claim. The plaintiff vehemently disputes this position. These cases are linked in a manner where the facts from each allegation shows a conscience action leading to the next action and transversing accounts. This Court has a duty to ensure all similar claims regarding a defendant be tried in one venue. As the plaintiff has established this Court has exclusive jurisdiction over ALL if not most of the claims in this complaint and therefore this case must be heard in this venue.

15.

## CONCLUSION

The defendant's argue these allegations are covered by an arbitration agreement when in fact there was no arbitration agreement in place at the time these actions occurred as per the reasons outlined above. Therefore any arbitrator or tribunal assigned would NOT have jurisdiction over the claims involved.

WHEREFORE the plaintiff prays upon this Court to DENY the defendant's Motion to Dismiss and/or GRANT the plaintiff leave to conduct discovery.

Respectfully submitted this 16th day of July, 2014.

_____
BY: Bataski Bailey *Pro Se*

Bataski Bailey *Pro Se*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, *pro se* ) | |
| ) | CASE NO: 1:14-CV-0989-CC |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| WELLS FARGO BANK N.A., ) | |
| WELLS FARGO BANK N.A. d/b/a ) | |
| WELLS FARGO DEALER SERVICES, ) | |
| f/k/a WACHOVIA DEALER SERVICES, ) | |
| ) | |
| Defendant's. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this date served a copy of the foregoing **PLAINTIFF'S RESPONSE TO MOTION TO DISMISS** upon the following individuals, in the aforesaid action. I have deposited a copy of same via email, and in the United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

L. Clint Crosby, Esq
Monarch Plaza Ste. 1600
3414 Peachtree Road, N.E.
Atlanta, GA 30326
ccrosby@bakerdonelson.com

Bataski Bailey *Pro Se* 7/16/2014
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com