UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, *pro se*<br><br>    Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A., INC.,<br>WELLS FARGO BANK, N.A., INC.<br>d/b/a WELLS FARGO DEALER<br>SERVICES, f/k/a WACHOVIA<br>DEALER SERVICES,<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO. 1:14-CV-0989-CC-JCF |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT AND COMPEL ARBITRATION[1]

In his opposition to Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Amended Complaint, Plaintiff Bataski Bailey ("Plaintiff" or "Bailey") offers the following as defenses to enforcing the arbitration provisions in his contracts with Wells Fargo: (1) the claims relating to the checking account arose after the account contract terminated; (2) the claims are not subject to arbitration;

---

[1] Wells Fargo makes a special appearance in this action to seek dismissal and compel arbitration of Plaintiff's claims. However, such special appearance does not waive Wells Fargo's right to later initiate an action to confirm its arbitration award against Plaintiff.

and (3) all claims, even those Plaintiff has admitted are subject to arbitration, should be tried in the same action.  As described below, these arguments fail.

### A. The Arbitration Clause Governing the Checking Account Survives Termination of the Agreement.

Plaintiff argues that the arbitration agreement governing the checking account at issue in this litigation should not be compelled to arbitration because the claims arose after he closed that account.  This argument fails for several reasons.

First, the relevant arbitration clause explicitly provides that the arbitration provisions "shall survive termination, amendment, or expiration of your Account relationship or the governing *Agreement* or any other relationship between you and the Bank."  [Dkt. 5-4, p. 6.]  Plaintiff's argument otherwise is contrary to the express contracts terms.

Second, many Courts, including United States Supreme Court, have held that arbitration provisions survive the termination of the agreement that contains the arbitration clause.  *Litton Fin. Printing v. NLRB*, 501 U.S. 190, 205, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991); *Nolde Bros., Inc. v. Local \*466 No. 358, Bakery & Confectionery Workers Union, AFL–CIO*, 430 U.S. 243, 255, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977); *Martinez v. Carnival Corp.*, 744 F.3d 1240 (11th Cir. 2014); *Montero v. Carnival Corp.*, 523 Fed. Appx. 623, 627 (11th Cir. 2013); *Goshawk*

- 2 -

*Dedicated Ltd. v. Portsmouth Settlement Co. I, Inc.*, 466 F. Supp. 2d 1293, 1301 (N.D. Ga. 2006).

Indeed, the cases cited in Plaintiff's response reach the same conclusion. *See e.g. Montgomery Mailers' Union No. 127 v. Advertiser Co.*, 827 F.2d 709, 712 (11th Cir. 1987) ("[t]he parties' obligations under their arbitration clause survive contract termination when the dispute [is] over an obligation arguably created by the expired contract"); *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190 (1991) ("the duty to arbitrate does not automatically expire upon the termination of the agreement and that broadly worded arbitration clauses contain a presumption of arbitrability if the dispute arose under the agreement.") [Dkt. 14, ¶12].

Plaintiff misapplies the holding in *Doe v. Princess Cruise Lines, Ltd. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1217 (11th Cir. 2011).  There, the plaintiff's employment agreement included an arbitration clause, requiring all claims relating to her employment be submitted to arbitration. *Id.* at 1214-15.  The Court agreed with the defendant that Plaintiff's claims which arose from the contract containing the arbitration clause were subject to arbitration.  *Id.* at 1210-21.  Here, as discussed in more detail below, all of Plaintiff's claims arise from the contracts containing the arbitration clauses.

Plaintiff's unsupported argument that the arbitration clause is against public policy because it "attempts to restrict the right for redress on issues after a contract has been terminated between the parties" is also without merit. [Dkt. 14, ¶13.] The law plainly permits the survival of arbitration clauses even after the contract containing the clause has been terminated. *See supra* at p. 2. Accordingly, even if the checking account at issue in this lawsuit has been closed, the arbitration provision still applies.

### B.   All Claims Asserted in the Complaint Are Subject to Arbitration.

Plaintiff's claim that he should not be compelled to arbitrate this dispute because [a] party cannot be forced to arbitrate any dispute that the party has not agreed to submit to arbitration," is not persuasive in this instance. With regards to the vehicle loan, Plaintiff agreed to arbitrate "any claim or dispute, whether in contract, tort, statute … between you and [Wells Fargo], which arises out of or relates to your credit application, purchase or condition of this vehicle, **this contract or any resulting transaction or relationship** (including any such relationship with third parties who do not sign this contract). [Dkt. 5-2, p. 5.] Plaintiff also agreed to arbitrate "any dispute relating in any way to your [checking account] Accounts and Services; to your use of any Bank location or facility; or to

any means you may use to access the Bank." [Dkt. 5-4.]   All claims asserted in the Amended Complaint relate to the vehicle loan contract and/or the checking account.  Accordingly, all the asserted claims are subject to arbitration.

### C. All Claims Subject to Arbitration Must Be Arbitrated.

Finally, without authority, Plaintiff argues that all claims should be tried before this Court, even those which he has admitted are subject to arbitration. However, the law is clear that where certain claims are subject to arbitration, those claims should be arbitrated and the civil action stayed pending resolution of said claims. *See e.g. Strozier v. E*Trade Fin. Corp.*, No. 1:12-CV-00330-AT, 2013 U.S. Dist. LEXIS 56226, *37-42 (N.D. Ga. Feb. 27, 2013); *Zulauf v. Amerisave Mortg. Corp.*, No. 1:11-cv-1784-WSD, 2011 U.S. Dist. LEXIS 156699, *52-53 (N.D. Ga. Nov. 23, 2011).  Plaintiff's own cases reach this same result. *See e.g. Doe v. Princess Cruise Lines, Ltd.  Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1217 (11th Cir. 2011) (claims subject to arbitration compelled thereto, and remaining claims remain before court).  Accordingly, even if this Court finds that any asserted claim is not subject to arbitration, which Wells Fargo disputes, the remaining claims must still be compelled to arbitration.

## CONCLUSION

No reason exists to allow this case to remain pending before this Court. All issues will be resolved by arbitration. The relevant case authority holds that an order dismissing this case and compelling arbitration is warranted. For these and all of the foregoing reasons, Wells Fargo respectfully requests that this Court grant its Motion.

Respectfully submitted this 4th day of August, 2014.

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

| | |
|---|---|
| Monarch Plaza, Suite 1600 | *s/ Jodi D. Taylor* |
| 3414 Peachtree Rd., N.E. | L. Clint Crosby |
| Atlanta, GA 30326 | Georgia Bar No, 197877 |
| (404) 577-6000 – Telephone | Jodi D. Taylor |
| (404) 221-6501 – Facsimile | Georgia Bar No. 208180 |
| ccrosby@bakerdonelson.com | |
| jtaylor@bakerdonelson.com | *Counsel for Defendant* |

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in local rule 5.1(C) and 7.1(D).

This 4th day of August, 2014.

                              **BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

                              *s/ Jodi D. Taylor*

Monarch Plaza, Suite 1600     Jodi D. Taylor
3414 Peachtree Rd., N.E.        Georgia Bar No. 208180
Atlanta, GA 30326
(404) 577-6000 – Telephone
(404) 221-6501 – Facsimile
ccrosby@bakerdonelson.com
jtaylor@bakerdonelson.com

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing pleading by filing the same using the Court's ECF system, and by sending a copy by U.S. Mail, postage prepaid, to Plaintiff at his address on file with the Court as follows:

Bataski Bailey
1778 Twin Brooks Drive SE
Marietta, Georgia 30067
bataskib@hotmail.com.

This 4th day of August, 2014.

**BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC**


*s/ Jodi D. Taylor*
L. Clint Crosby
Monarch Plaza, Suite 1600         Georgia Bar No. 197877
3414 Peachtree Rd., N.E.          Jodi D. Taylor
Atlanta, GA 30326                 Georgia Bar No. 208180
(404) 577-6000 – Telephone
(404) 221-6501 – Facsimile        *Counsel for Defendant*
ccrosby@bakerdonelson.com
jtaylor@bakerdonelson.com